PROB 12C
(6/16)

Report Date: August 29, 2022

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 29, 2022

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Allen West Frantz   Case Number: 0980 2:22CR00079-TOR-1

Address of Offender: ▓▓▓▓▓▓ Spokane, Washington 99205

Name of Sentencing Judicial Officer: The Honorable David C. Nye, Chief U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: July 9, 2019

| | | |
|---|---|---|
| Original Offense: | Possession with Intent to Distribute Methamphetamine, 21 U.S.C. § 841(a)(1) and (b)(1)(c) | |
| Original Sentence: | Prison - 36 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Stephanie A. Van Marter | Date Supervision Commenced: April 30, 2021 |
| Defense Attorney: | Kathryn Patricia Lucido | Date Supervision Expires: April 29, 2024 |

## PETITIONING THE COURT

To incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 7/7/2022 and 8/19/2022.

On May 3, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Frantz, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 13 | **Special Condition #3**: The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.<br><br>**Supporting Evidence**: On August 25, 2022, Allen Frantz allegedly violated special condition number 3 by failing to maintain the sweat patch that was applied to his arm on August 12, 2022, as an additional means of monitoring the offender's sobriety.<br><br>On August 12, 2022, this officer made contact with the offender at his residence, at which time a sweat patch was applied. Because the offender had just had an operation, a sweat patch was applied in order to excuse the need for him to physically report to Pioneer Human Services (PHS) for phase urinalysis testing. Mr. Frantz was instructed to contact the undersigned officer on August 15, 2022, so an appointment could be scheduled to have the sweat patch removed the following Friday. |

Prob12C
**Re: Frantz, Allen West**
**August 29, 2022**
**Page 2**

On August 15, 2022, Mr. Frantz failed to contact the undersigned officer as instructed. He also made no attempt to contact this officer on either August 16 or 17, 2022. As such, on August 18, 2022, this officer attempted to contact the offender twice via phone call and text messages, but he failed to answer or respond.

On the morning of August 19, 2022, the undersigned officer again attempted to contact Mr. Frantz via phone call and text messages, but again there was no answer or response. On that same date, the undersigned attempted to make contact with the offender at his residence to collect the sweat patch for testing; a family member advised he was not at home. This officer left a business card with instructions for the offender to report to the U.S. Probation Office by 1:15 p.m., but he failed to report.

When Mr. Frantz did eventually contact this officer, at approximately 2:26 p.m. on August 19, 2022, he claimed he did not receive this officer's missed calls, voice messages, or text messages because his phone had "died." He also stated that he had not been home because he had been at a girlfriend's house for the past few days, which he had failed to notify the undersigned of. The offender was subsequently instructed to report to the U.S. Probation Office by 4 p.m. on that date to have his sweat patch removed.

On August 19, 2022, the offender then sent this officer a text message stating the sweat patch was "not going to stay on (his) arm for too much longer." He then asked for instructions on "what it is you would like me to do with this patch when it falls off." This officer noted that there should be no reason for the sweat patch to "fall off" if he had been bed ridden, as he claimed. Additionally, this officer reiterated the offender's responsibility to report to the U.S. Probation Office by 4 p.m. as instructed, so that the patch could be collected before falling off.

Mr. Frantz made no attempt to contact this officer after August 19, 2022, to advise that the sweat patch was no longer affixed to his arm.

On the morning of August 25, 2022, this officer again attempted to contact the offender via phone call and text messages, in order to instruct him to report to the U.S. Probation Office prior to his hearing to have the sweat patch collected. Mr. Frantz did not answer or respond to attempts to contact him.

Later that date, on August 25, 2022, the undersigned attempted to collect the sweat patch from the offender in the courtroom shortly before his hearing, but Mr. Frantz claimed it was "at home."

It should be noted that sweat patches can be worn for up to 14 days, especially if the individual is immobile and not active.

| | |
|---|---|
| 14 | **Special Condition #3**: The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay. |// 
| | **Supporting Evidence**: On August 24, 2022, Allen Frantz allegedly violated special condition number 3 by failing to report for phase urinalysis testing when his assigned color was identified for testing. |

Prob12C
**Re: Frantz, Allen West**
**August 29, 2022**
**Page 3**

On August 25, 2022, this officer received notification from PHS that the offender had failed to report for phase urinalysis testing on August 24, 2022, when his assigned color was identified for testing.

It should be noted, Mr. Frantz made no attempt to contact this officer and advise that his assigned color had been identified for phase urinalysis testing on August 24, 2022, or that the sweat patch was no longer affixed to his arm and monitoring his sobriety.

Although Mr. Frantz was fitted with a sweat patch on August 12, 2022, as an alternative means to monitoring his sobriety while he claimed to be "immobile," because the offender failed to make that sweat patch available to the U.S. Probation Office for testing, his failure to report for phase urinalysis has not been excused.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 08/29/2022

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[X] Other: All violations will be addressed at the Revocation of Supervised Release hearing set for 9/21/2022.

Thomas O. Rice
United States District Judge

August 29, 2022
Date